IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs January 11, 2005

## JOSHUA PATRICK THOMPSON v. STATE OF TENNESSEE

**Direct Appeal from the Circuit Court for Henderson County**
**No. 03-085     Roger Page, Judge**

---

**No. W2004-00752-CCA-R3-PC  - Filed March 22, 2005**

---

The petitioner appeals the denial of his petition for post-conviction relief.  Specifically, he contends that the trial court erred (1) in failing to find ineffective assistance of trial counsel, and (2) in denying the petitioner's motion for a continuance.  Following our review, we affirm the denial of post-conviction relief.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which DAVID G. HAYES and J.C. MCLIN, JJ., joined.

George Morton Googe, District Public Defender, and David H. Crichton, Assistant Public Defender, for the appellant, Joshua Patrick Thompson.

Paul G. Summers, Attorney General and Reporter; Brent C. Cherry, Assistant Attorney General; James G. Woodall, District Attorney General; and Alfred L. Earls, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

Facts and Procedural History

On October 29, 2001, the petitioner, Joshua Patrick Thompson, entered pleas of guilty to three counts of attempted first degree murder and one count of aggravated robbery.  Pursuant to the plea agreement, the trial court sentenced the petitioner to an effective sentence of thirty years as a Range I offender.  On October 28, 2002, the petitioner filed a *pro se* petition for post-conviction relief; thereafter, the post-conviction court appointed counsel and an amended petition was filed.  In the amended petition, the petitioner claimed:  (1) that trial counsel was ineffective in failing to request a forensic psychiatric evaluation of the petitioner prior to his pleas; and (2) that his pleas

were not entered knowingly and voluntarily.[1] The post-conviction court held an evidentiary hearing on February 24, 2004, and thereafter denied relief. The petitioner now appeals to this Court contending that the post-conviction court erred in: (1) failing to find ineffective assistance of trial counsel; and (2) failing to grant a continuance to allow the petitioner the opportunity to hire an expert to determine competency at the time of the pleas and/or whether the defense of insanity could have been sustained. Following our review, we affirm the trial court's denial of post-conviction relief.

At the post-conviction hearing, trial counsel testified that she discussed the petitioner's mental health issues with him and that she understood the petitioner suffered from depression and dependency issues. She acknowledged, however, that she was unaware the petitioner had previously been suicidal. She further stated that she reviewed medical records the petitioner's mother had in her possession. Moreover, trial counsel testified that she knew the petitioner had been treated at Cumberland Heights, but stated that she was unaware he had received treatment as Parthenon Pavilion. Trial counsel also stated that she explained the possibility of conviction and went over the various sentencing issues such as mitigating and enhancement factors and the difference between Range I and Range II offenders.

On cross-examination, trial counsel testified that she had no trouble communicating with the petitioner. She further testified that she forwarded copies of all discovery to the petitioner for his review. Moreover, trial counsel stated that she and the petitioner went over the discovery materials together and that he corresponded with her through articulate letters in which he asked questions regarding the case. Finally, she stated that she responded to the petitioner's questions through letters and that she had no trouble understanding what he wanted.

The petitioner then testified that he told trial counsel he had been prescribed medicine for depression while being treated at the Vita Psychiatric Hospital. He further testified that he told trial counsel he had also been treated at both Cumberland Heights and Parthenon Pavilion, but later stated that he "[couldn't] say that [he] told her every place that [he'd] been treated." He also stated that he informed trial counsel that, since being incarcerated, he had not received his medication and was experiencing depression, lack of sleep, and was "just spacey." He stated that when trial counsel learned of this she "made calls," after which the petitioner began receiving his medication again. Moreover, he stated that his last treatment for mental problems was in 2000. Finally, he acknowledged that trial counsel forwarded copies of all discovery to him and that he and his trial counsel corresponded regarding the case through letters.

On cross-examination, the petitioner admitted that he knew and understood the offenses with which he was charged. He further reiterated that he received copies of discovery documents from trial counsel and that he wrote letters to trial counsel discussing various witnesses and their testimony. Moreover, the petitioner testified that trial counsel responded in letters and that he

---

[1] The petitioner does not challenge the post-conviction court's finding of a knowing and voluntary plea on appeal.

understood the letters he received from her. Finally, he stated that, prior to being charged in the present case, he was self-employed in a finish drywall business that he and his stepfather owned.

At the conclusion of the hearing, the post-conviction court overruled the petitioner's previously introduced request to keep the record open to obtain a forensic evaluation of the petitioner's competency. Specifically, the trial court opined, "[b]ased on the evidence I've heard today, I don't think that I've heard anything that would give me a concern about Mr. Thompson's competence at the time that he pled guilty."

Following the hearing, the post-conviction court dismissed the petition. The court first found that the petitioner had failed to prove trial counsel's representation fell below the range of competence required of attorneys in criminal cases. In support, the court noted that the petitioner's last treatment for substance abuse and depression occurred two years before the plea and one year before the date of the subject offenses. The court also found that trial counsel was able to effectively communicate with the petitioner and that the petitioner was able to participate in his defense. Regarding the involuntary pleas, the court found that no evidence was presented to show the pleas were not knowing and voluntary; rather, the court concluded that the petitioner made a decision that was in his best interest and avoided a longer sentence. In sum, the court found that nothing showed the petitioner was incompetent. Following the dismissal of the petition, the petitioner filed a timely appeal to this Court.

<u>Analysis</u>

I. Ineffective Assistance of Counsel

The petitioner first contends that he received ineffective assistance of counsel. When a claim of ineffective assistance of counsel is made under the Sixth Amendment, the petitioner bears the burden of proving (1) that counsel's performance was deficient, and (2) that the deficiency was prejudicial in terms of rendering a reasonable probability that the result of the trial was unreliable or the proceedings were fundamentally unfair. <u>Strickland v. Washington</u>, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064, 80 L. Ed. 2d 674 (1984). This standard has also been applied to the right to counsel under Article I, Section 9 of the Tennessee Constitution. <u>State v. Melson</u>, 772 S.W.2d 417, 419 n.2 (Tenn. 1989). When a petitioner claims ineffective assistance of counsel in relation to a guilty plea, the petitioner must prove that counsel performed deficiently, and, but for counsel's errors, the petitioner would not have pled guilty but would have, instead, insisted upon going to trial. <u>Hill v. Lockhart</u>, 474 U.S. 52, 59, 106 S. Ct. 366, 370, 88 L. Ed. 2d 203 (1985).

In <u>Baxter v. Rose</u>, 523 S.W.2d 930, 936 (Tenn. 1975), our supreme court required that the services be rendered within the range of competence demanded of attorneys in criminal cases. In reviewing counsel's conduct, a "fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." <u>Strickland</u>, 466 U.S. at 689, 104 S. Ct. at 2065; <u>see</u> <u>Nichols v. State</u>, 90 S.W.3d 576, 587 (Tenn. 2002).

The petitioner bears the burden of proving by clear and convincing evidence the factual allegations that would entitle the petitioner to relief. Tenn. Code Ann. § 40-30-110(f) (2004). This Court is bound by the post-conviction court's findings of fact unless the evidence preponderates against those findings. Fields v. State, 40 S.W.3d 450, 456-57 (Tenn. 2001).

In the present case, the petitioner contends that trial counsel was ineffective in failing to request a psychiatric evaluation prior to the entry of his guilty pleas. Specifically, he avers that, because he had previously attempted suicide and was diagnosed with "homicidal ideation" upon his entry at Parthenon Pavilion, defense counsel should have requested a psychological evaluation in order to assess any existing mental defect which might have affected his defense.

However, the post-conviction court did not find that trial counsel's actions amounted to ineffective assistance. Rather, the court found that trial counsel was able to communicate effectively with the petitioner and that the petitioner was able to participate in his defense. Further, the court found that the petitioner's substance abuse and depression problems were far removed in time from the subject offenses and the guilty plea and that he was properly treated for depression during the pertinent time period. Based on these findings, the post-conviction court held that trial counsel's failure to request a mental evaluation did not amount to ineffective assistance of counsel.

Upon review of the record, we conclude that the evidence presented on appeal does not preponderate against the findings of the post-conviction court. Initially, we note that the petitioner's allegations of "homicidal ideation" are not supported in the medical records filed at the post-conviction hearing. In fact, the medical records from Cumberland Heights (collectively Exhibit 1) indicate that the petitioner denied current homicidal or suicidal ideation and that he was treated for drug and alcohol abuse. Moreover, records from Parthenon Pavilion (collectively Exhibit 2) reflect that the petitioner was treated for depression and substance abuse. Also included in those records was a discharge form that stated that the petitioner was "not psychotic – not suicidal."

Although the petitioner was previously hospitalized for depression and dependency, it was reasonable that trial counsel did not call his competence into question. As the trial court noted, the instances of hospitalization occurred long before the subject offense. Moreover, trial counsel ensured that the petitioner properly received his medication and, by all accounts, was able to carry on a meaningful attorney-client relationship with him. The record reflects that all discovery was forwarded to and discussed with the petitioner and that he was actively involved in his defense. Moreover, the testimony reveals that the lines of communication were open and used by both parties, allowing the petitioner to make well-informed decisions. In sum, the petitioner has failed to show by clear and convincing evidence that trial counsel's failure to request a mental evaluation prior to his pleas constituted deficient performance.

## II. Denial of Continuance

The petitioner also challenges the trial court's denial of a continuance to obtain an expert opinion on the petitioner's competency and a potential insanity defense. Initially, we note that the

petitioner did not request a continuance, as such. Rather, the trial transcript reflects the following statement by defense counsel:

> Now, we can either ask this Court to allow him [to have a forensic evaluation] – And I'm not sure if we're entitled to that. I haven't explained this to Mr. Thompson at this stage. I don't think we're entitled to that.
> So as an alternative we would ask to allow to be able to keep the record open until such time that if they can afford to have him evaluated out of their own funds, they can do that then submit that to the Court.

The court went on to take the petitioner's "motion" under advisement until after the proof was heard. Ultimately finding that a forensic evaluation was unnecessary, the trial court overruled the petitioner's motion.

In the present case, the post-conviction court found that the testimony elicited at the hearing did not "give [the court] a concern about [the petitioner's] competence at the time that he pled guilty" and, thus, denied the petitioner's motion for time to submit further proof regarding competence. We agree and conclude that the post-conviction court did not abuse its discretion in denying the petitioner's request.

The record reflects that lengthy testimony was elicited from the petitioner regarding his knowledge of right from wrong, his mental health history, his communication with trial counsel up to the time of his pleas, and his understanding of the charges and evidence against him. Moreover, the petitioner had more than four months between the filing of the amended petition and the hearing in which to obtain an evaluation or to request a continuance; however, he failed to do so.

Finally, we question whether a forensic evaluation at the time of the post-conviction hearing would have shed any light on the petitioner's mental state at the time of the offense. We therefore conclude that the trial court was within its discretion in overruling the petitioner's motion and resolving the issue of competence on the testimony presented at the hearing.

<u>Conclusion</u>

Based on the foregoing, and the record as a whole, we affirm the denial of post-conviction relief.

_____
JOHN EVERETT WILLIAMS, JUDGE